STATES DISTRICT COURT

DISTRICT OF MAINE

| HOPE F. SHERBURNE, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | Civ. No. 09-222-P-H |
| MICHAEL ROMANO, et al., | ) ) ) | |
| Defendants | ) | |

**DECISION RECOMMENDING DISMISSAL OF COMPLAINT**

Hope Sherburne has filed pleadings in this court challenging the conduct of several individual defendants toward her and her children, involving, among other things interference with her parental rights. I entered an order granting Sherburne's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and ordering Sherburne to clarify her 'complaint.' I explained:

> This document does not appear to be a complaint and plaintiff cannot institute a new action in THIS court in this fashion. This pleading appears to be a response to a pending motion to dismiss or for summary judgment, but a review of our docket does not reveal that plaintiff has ever filed an action in this court. Furthermore, if plaintiff thinks she is commencing a new civil action with this pleading, this court cannot order the U.S. Marshal to make service on the defendants unless the plaintiff provides the complete names and addresses of all defendants in order to commence a new action. She would, of course, also have to file a complaint against these defendants in THIS court if she expected the case to remain here.

(Doc. No. 3.)

Sherburne has now filed an amended complaint listing as her defendants Michael Romano, Michael Bennett, T.W. Ng, and Fred Jones. (Am. Compl. at 1, Doc. No. 4.)[1] She list two Massachusetts addresses for herself and indicates that Defendant Jones is the owner of Mike's Gym on Salem Street, Medford, MA. Contrary to my order, Sherburne has not provided addresses for the remaining three defendants. Based on the two addresses given, it does not appear that the District of Maine is the appropriate forum for this action.

But, even if it were, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable federal claim. At the close of her amended complaint Sherburne indicates that this is a criminal complaint. (Am Compl. at 4.) She lists a series of twenty-six things that she is seeking "justification" for: Coercion of government agencies; attempted murder; the extortion of two children; slander and defamation of character; racial degradation; invasion of privacy; insinuation of illegal pornography; threatening of one's life; sexual interrogation; attempted manslaughter; police coercion; conspiracy to commit prostitution; interference with peace of mind; blackmail; neglect of abuse of a child; illegal wire-tapping; arbitration; manslaughter; malicious stalking; mental abuse; sexual abuse; entrapment; victimization of a victim; medical malpractice; mental anguish; and judicial tampering. (Id.) The over three, single-spaced pages of allegations are predominantly incoherent.

First: "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); see also Briand v. Lavigne, 223 F.Supp.2d 241, 251 (D. Me. 2002) ("Generally, a private citizen has no authority to initiate a federal criminal

---

[1] In the body of her complaint she also addresses the misconduct of Michael Hodgin.

2

prosecution.") Second, the United States Supreme Court recently clarified, with regards to Federal Rule of Civil Procedure 8 and the necessity that a plaintiff present an actionable claim that has "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that these defendants have "acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)); see also Walton v. Walker, Civil No. 08-cv-486-MJR, 2009 WL 1470409, 2 -4 (S.D.Ill. May 27, 2009) (applying Iqbal and dismissing claims based partly on court's judicial experience and commonsense). Based on the rambling allegations of the amended complaint I do not have a "reasonable expectation that discovery will reveal evidence" that supports tenable civil claims in federal court against these defendants. Twombly, 550 U.S. at 556.

Accordingly, I recommend that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because to the extent that Sherburne seeks to bring a criminal complaint she may not do so and the complaint fails to state a plausible civil claim.

## NOTICE

A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by

the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 22, 2009
/s/Margaret J. Kravchuk
U.S. Magistrate Judge